NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD FERRY,

            Plaintiff-Appellant,

    v.

KEVIN DOOHAN, Washington County
Community Corrections (WCCC) Post-
Prison Supervision Officer; et al.,

            Defendants-Appellees.

No.    18-35228

D.C. No. 3:18-cv-00153-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

    Richard Ferry appeals pro se from the district court's order denying his

motion for a preliminary injunction in his 42 U.S.C. § 1983 action alleging

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291(a)(1).  We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review for an abuse of discretion. *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court did not abuse its discretion by denying Ferry's motion for a preliminary injunction because Ferry failed to establish that he is likely to succeed on the merits of his claim that the conditions of his supervised release requiring him to participate in polygraph examinations violate his Fifth Amendment right against self-incrimination. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of the equities tips in his favor, and an injunction is in the public interest); *United States v. Antelope*, 395 F.3d 1128, 1134-35 (9th Cir. 2005) (conditions of supervised release that require participation in polygraph examinations implicate Fifth Amendment right against self-incrimination where the risk of incrimination in a criminal prosecution is real and appreciable).

We do not consider arguments and allegations raised for the first time on appeal, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009), and we do not consider documents not presented to the district court, *see United States v. Elias*,

2

921 F.3d 870, 874 (9th Cir. 1990).

Ferry's request for judicial notice, set forth in his opening brief, is denied.

**AFFIRMED.**